UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI,

    Plaintiff,

v.

61ST ON THE BAY LLC and DON CHEPE'S MEXICAN GRILL CORP. d/b/a DON CHEPE'S MEXICAN GRILL,

    Defendants.

_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues 61ST ON THE BAY LLC and DON CHEPE'S MEXICAN GRILL CORP. d/b/a DON CHEPE'S MEXICAN GRILL, (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, with a

residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. At all times material, Defendant, 61ST ON THE BAY, LLC, owned a place of public accommodation with a commercial shopping plaza at 8901 SW 157th Avenue, Miami, Florida 33196 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, 61st ON THE BAY, LLC, holds itself out to the public as "Kendall Shops West."

6. At all times material, Defendant, 61ST ON THE BAY, LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

7. At all times material, Defendant, DON CHEPE'S MEXICAN GRILL CORP. d/b/a DON CHEPE'S MEXICAN GRILL, owned and/or operated a commercial restaurant business at 8901 SW 157th Avenue #2, Miami, Florida 33196 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, DON CHEPE'S MEXICAN GRILL CORP. holds itself out to the public as "Don Chepe's Mexican Grill.

8. At all times material, Defendant, DON CHEPE'S MEXICAN GRILL CORP. d/b/a DON CHEPE'S MEXICAN GRILL, was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property and restaurant business is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and property.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff uses a wheelchair to ambulate. Plaintiff, DOUG LONGHINI, has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Defendants, 61ST ON THE BAY LLC and DON CHEPE'S MEXICAN GRILL CORP. d/b/a DON CHEPE'S MEXICAN GRILL, own, operate and/or oversee the Commercial Property, its general parking lot/or and parking spots specific to the business therein, exterior and interior paths of travel and interior of the restaurant, to include the restrooms and the property and places of public accommodation is located in Miami, Florida.

15. Mr. Longhini is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others

like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

16. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Longhini is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

17. The subject Commercial Property is open to the public and is located in Coral Gables, Miami-Dade County, Florida. The individual Plaintiff visits the Commercial Property, to include visits to the Commercial Property on or about January 11, 2023 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there because it is approximately four (4) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within four (4) months of the filing of this Complaint in order to avail himself of the goods and services offered at the places of public accommodation and check if it has been remediated of the ADA violations he encountered.

18. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

19. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The

barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

20. Defendants, 61ST ON THE BAY LLC and DON CHEPE'S MEXICAN GRILL CORP. d/b/a DON CHEPE'S MEXICAN GRILL, own and/or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, 61ST ON THE BAY LLC and DON CHEPE'S MEXICAN GRILL CORP. d/b/a DON CHEPE'S MEXICAN GRILL are responsible for complying with the obligations of the ADA. The places of public accommodation that Defendants, 61ST ON THE BAY LLC and DON CHEPE'S MEXICAN GRILL CORP. d/b/a DON CHEPE'S MEXICAN GRILL, own and/or operate is the Commercial Property and Business located at 8901 SW 157th Avenue, Miami, Florida 33196.

21. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

22. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I-ADA VIOLATIONS AS TO DEFENDANT, 61st ON THE BAY LLC

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, 61ST ON THE BAY LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

**A. Parking and Exterior Accessible Routes**

  i. Accessible spaces lack clear and level aisles, as they have slopes or cross slope of 4.1% (>2%) endangering Doug Longhini when unloading and violating the ADAAG and ADAS Section 502.

  ii. Accessible spaces are not located on firm, stable and level slip-resistant surfaces preventing safe use by Doug Longhini, in violation of the ADAAG and 2010 ADAS Section 502.

**B. Entrance Access and Path of Travel**

  i. Curb ramps at Commercial Property contain excessive slopes of 11.3% (>8.33 %) preventing Doug Longhini from safe unloading violating ADAAG and ADAS Section 406.

## COUNT II-ADA VIOLATIONS AS TO DEFENDANTS, 61st ON THE BAY LLC AND DON CHEPE'S MEXICAN GRILL CORP.

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

26. Defendants, 61ST ON THE BAY LLC and DON CHEPE'S MEXICAN GRILL CORP., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

**A. Access to Goods and Services**

   i. Counters are at a height in excess of 36", preventing Doug Longhini from using and accessing the bar, in violation of Section 7.2 (1) of the ADAAG.

   ii. Plaintiff was unable to use outdoor tables due to table knee and to space failing to meet ADAAG height and depth requirements.

**B. Restrooms**

   i. Plaintiff cannot access restroom due to improper hardware on restroom door, in violation of Section 4.13.9 of the ADAAG.

   ii. There are exposed pipes in restrooms, causing safety issues for Doug Longhini, violating Section 4.19.4 of the ADAAG.

   iii. Sinks are mounted at a height >34" max to rims, denying access to Doug Longhini and violating ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

   iv. Doug Longhini unable to use mirror due to bottom-reflecting surface being mounted at a height >40"AFF max, violating the ADAAG and 2010 ADAS.

   v. Doug Longhini is unable to reach paper towel dispenser controls as they are mounted at a height of 52" AFF, which exceed limits in ADAAG and 2010 ADAS Sec. 308.

vi. Grab bars do not extend to 54" from back wall, in violation of the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Doug Longhini.

vii. Side grab bar in restroom is improperly mounted at a height >36" AFF, creating a hazardous condition for Doug Longhini and in violation of the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Doug Longhini.

viii. Rear grab bar in restroom is improperly mounted at a height >36" AFF, creating a hazardous condition for Doug Longhini and in violation of the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Doug Longhini.

ix. Toilet has improper centerline extending 19" from side wall, denying access to Doug Longhini, violating the 2010 ADAS.

x. Toilet flush valve not mounted on wide side, denying access to Doug Longhini, violating the ADAAG and 2010 ADAS Sec. 604.

## RELIEF SOUGHT AND THE BASIS

27. The discriminatory violations described in the Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The

remediations for the ADA violations listed herein are readily achievable.

28. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

29. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a

clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by each Defendant.

33. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 8901 SW 157th Avenue, Miami, Florida 33196, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this

Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 9, 2023

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiff*
        350 Sevilla Avenue, Suite 200
        Coral Gables, Florida 33134
        Telephone: (305) 553-3464
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mails: bvirues@lawgmp.com;
        dramos@lawgmp.com

        By: ___/s/ Anthony J. Perez_____
             ANTHONY J. PEREZ
             Florida Bar No.: 535451
             BEVERLY VIRUES
             Florida Bar No.: 123713